**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL TURNER, KENYATTA STARKS and ANGEL JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-cv-6507 |
| v. | ) ) | Judge Jorge L. Alonso |
| CITY OF CHICAGO BOARD OF EDUCATION, | ) ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |

## THIRD AMENDED COMPLAINT

NOW COME the Plaintiffs, ANGEL TURNER ("Turner"), KENYATTA STARKS ('Starks") and ANGEL JOHNSON ("Johnson"), by and through their attorneys, Barry A. Gomberg and Barry A. Gomberg & Associates, Ltd., and complains against the Defendant, the CITY OF CHICAGO BOARD OF EDUCATION, allege as follows:

## PARTIES

1.      Plaintiff Angel Turner is an African-American resident of Cook County, Illinois.

2.      Plaintiff Kenyatta Starks (formerly known as Kenyatta Stansberry-Butler) is an African-American resident of Cook County, Illinois.

3.      Plaintiff Angel Johnson is an African-American resident of Cook County, Illinois.

4.      Defendant City of Chicago Board of Education ("CPS") is a local governmental entity located at 125 South Clark Street, Chicago, Illinois in Cook County.

## JURISDICTION AND VENUE

5.      The claims against Defendants are for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Civil Rights Act of 1991, and refusal to produce certain records under the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 *et seq*.

6.      Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as this claim arises under the laws of the United States of America and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367..

7.      Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Defendants' business, and/or the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

## COUNT I – TITLE VII - RACE DISCRIMINATION
## AGAINST PLAINTIFF ANGEL TURNER BY DEFENDANT CITY OF
## CHICAGO BOARD OF EDUCATION

8.      Turner re-alleges and incorporates as if fully set forth herein paragraphs 1 – 7 above.

9.      Turner has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race (African American) with the IDHR and EEOC, attached as Exhibit A, and fully incorporated herein by reference.

10.      Turner has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit B.

11.     In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

12.     Turner is employed by the Academy for Urban School Leadership ("AUSL") as a Director of School Leadership.

13.     Turner was required to follow all policies issued by the City of Chicago Board of Education and rules of the Chicago Public Schools that she served concerning administrative procedures and discipline.

14.     Turner, while on the premises of the Chicago Public Schools that she served was required to follow the directives of City of Chicago Board of Education and rules of the Chicago Public Schools when performing her duties.

15.     One of the Chicago Public Schools ("CPS") that Turner was assigned to oversee was Orr Academy High School, a school primarily attended by African American students.

16.     Turner is African American.

17.     In or about May 2016, Turner was contacted and asked questions by the CPS Office of the Inspector General ("OIG") regarding the student attendance records that were reported at Orr Academy.

18.     On October 6, 2016, the CPS OIG issued a report falsely accusing Turner of being "negligent in her supervision of the administration at [Orr Academy]."

19.     Defendant CPS, at the direction of the OIG, placed a Do Not Hire ("DNH") on Turner's record.

20.     As a result of the placement of the DNH designation on Turner's record, CPS was refusing to hire Turner unless Turner successfully petitioned the DNH Committee to remove the DNH from her file.

21.     Defendant CPS did not similarly target non-African American administrators or primarily non-African American schools in their investigations of alleged attendance records fraud which was the subject of the October 6, 2016 OIG report.

22.     On January 25, 2017, Turner requested that Defendant CPS review their attendance policies and the implementation of same by the schools serviced by Turner and remove the DNH from her record, but Turner's request was denied without serious consideration of the facts.  See Group Exhibit C attached hereto.

23.     Turner was not negligent in her supervision of the administration at Orr Academy.

24.     Turner followed the proper procedures at the schools she supervised.

25.     Turner's work was as good, if not better, than non-African American supervisor/administrators working at Defendant CPS.

26.     The principals of Juarez, North Grand and Washington High Schools were previously identified in investigations as engaging in identical attendance records practices and procedures at Orr Academy which was supervised by Turner.  However, said principals were not African American and no adverse actions were taken against them by Defendants.

27.     Further, it has recently come to Turner's attention that, on or about July 9, 2018, a letter was sent to the Illinois State Board of Education by the Director of

Employee Engagement for the Chicago Public Schools falsely stating that it had "reasonable cause" to believe that "Turner had been dismissed or resigned from the Chicago Public Schools after committing misconduct that may include committing intentional act of child abuse or neglect." The letter was later retracted although the harm had already been done.

28.     Accusations that Turner was terminated or resigned as a result of intentional acts of child abuse or neglect to the Illinois State Board of Education could lead to the loss of Turner's teaching certification/license and/or prevent Turner from working with children.

29.     As a result of the Defendant's race based discriminatory conduct, as aforesaid, Turner has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff ANGEL TURNER prays for judgment against Defendants as follows:

A.     For pecuniary damages, including but not limited to back pay;

B.     Emotional distress;

C.     For removal of all Do Not Hire designations from Plaintiff's record;

D.     For attorney's fees and costs of this suit.

E.     For such other and further relief as is just and equitable.

**COUNT II – FREEDOM OF INFORMATION ACT VIOLATION
AGAINST ANGEL TURNER BY DEFENDANT CITY OF
CHICAGO BOARD OF EDUCATION**

1. Under FOIA, the Illinois General Assembly declared that "all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them." 5 ILCS 140/1. To deny a FOIA request on the basis of a FOIA exemption, a public body must prove the applicability of the exemption by "clear and convincing evidence." Id. at 140/11(f).

2. The following CPS and OIG records are subject to disclosure pursuant to FOIA, are not subject to any FOIA exemptions, are responsive to Plaintiff Turner's FOIA requests and are now sought by Plaintiff Turner in this FOIA enforcement lawsuit:

    a.  All reports issued by the CPS Office of the Inspector General concerning Angel Turner's alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

    b.  All documentary evidence that the CPS Office of the Inspector General reviewed and utilized in evaluating Angel Turner's alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

    c.  All statements obtained by the CPS Office of the Inspector General in their review and evaluation of Angel Turner's alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

3. On July 11, 2017, Plaintiff Turner sent a FOIA request to the CPS and OIG requesting certain records concerning Angel Turner and the investigation of claims against her. See Exhibit D attached hereto.

4. On July 20, 2017, the CPS and OIG sent Plaintiff Turner its response to this FOIA request withholding the requested information and asserting various FOIA exemptions. See Exhibit E attached hereto.

5. The Court has jurisdiction "to enjoin [the OIG and CPS] from withholding public records and to order the production of any public records improperly withheld from the person seeking access." 5 ILCS 140/11(d).

6.    Plaintiff Turner is entitled to recover her reasonable attorney's fees and costs pursuant to 5 ILCS 140/11(i).

WHEREFORE, Plaintiff ANGEL TURNER prays for judgment against Defendants as follows:

A.    Ordering Defendants CPS and OIG to promptly produce all of the requested records;

B.    Award Plaintiff Turner her attorneys' fees and costs in prosecuting this action; and

C.    Award Plaintiff Turner any other relief that this Honorable Court deems appropriate.

### COUNT III – RACE DISCRIMINATION
### AGAINST PLAINTIFF KENYATTA STARKS BY DEFENDANT
### CITY OF CHICAGO BOARD OF EDUCATION

8.    Starks re-alleges and incorporates as if fully set forth herein paragraphs 1 – 7 of the "Parties" and "Jurisdiction and Venue" sections above.

9.    Starks has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race (African American) with the IDHR and EEOC, attached as Exhibit F, and fully incorporated herein by reference.

10.    Starks has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit G.

11.    In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit F and fully incorporated herein by reference.

12.     Starks is employed as the Director at Chicago International Charter School Longwood ("CICS-Longwood) which is funded by the City of Chicago Board of Education.

13.     Starks was required to follow all policies issued by the City of Chicago Board of Education and rules of the Chicago Public Schools including, but not limited to: all student disciplinary and administrative policies issued.

14.     Starks is required to follow the directives of the City of Chicago Board of Education and rules of the Chicago Public Schools in performing her duties and could be required to amend her actions based upon the foregoing.

15.     Starks was previously employed as Principal at Marshall High School, a school primarily attended by African American students.

16.     Starks is African American.

17.     In 2016, Starks was contacted and asked questions by the CPS Office of the Inspector General ("OIG") regarding the student attendance records that were reported at Marshall High School, primarily attended by African American students.

18.     CICS Longwood was informed of the OIG's investigation of Starks who, thereafter, made their own investigation into the matter.

19.     On October 6, 2016, the CPS OIG issued a report falsely accusing Starks of falsifying attendance records at Marshall High School.

20.     Defendant CPS, at the direction of the OIG, placed a Do Not Hire ("DNH") on Starks' record.

21.    As a result of the placement of the DNH designation on Starks' record, CPS was refusing to hire Starks unless Starks successfully petitioned the DNH Committee to remove the DNH from her file.

22.    Defendant CPS did not similarly target non-African American administrators or primarily non-African American schools in their investigations.

23.    On May 5, 2017, Starks requested that Defendant CPS review their attendance policies and the implementation of same by Starks and remove the DNH from her record, but Starks' request was denied without serious consideration of the facts.  See Group Exhibit H attached hereto.

24.    Starks had previously advised the OIG and Defendant CPS that she followed CPS policies and procedures in carrying out her duties as Principal at Marshall High School.  Defendant ignored the aforementioned evidence.

25.    Starks did not falsify attendance records.

26.    Starks followed the proper procedures at Marshall High School.

27.    Starks' work was as good, if not better, than non-African American supervisor/administrators working at Defendant CPS.

28.    The principals of Juarez, North Grand and Washington High Schools were previously identified in investigations as having engaged in identical attendance records practices as Starks.  However, said principals were not African American and no adverse actions were taken against them by Defendants.

29.    Further, it has recently come to Starks' attention that, on or about July 9, 2018, a letter was sent to the Illinois State Board of Education by the Director of Employee Engagement for the Chicago Public Schools falsely stating that it had

"reasonable cause" to believe that Starks "had been dismissed or resigned from the Chicago Public Schools after committing misconduct that may include committing intentional act of child abuse or neglect." The letter was later retracted although the harm had already been done.

30. Accusations that Starks was terminated or resigned as a result of intentional acts of child abuse or neglect to the Illinois State Board of Education could lead to the loss of Turner's teaching certification/license and/or prevent Starks from working with children.

31. Starks has applied for employment with Chicago Public Schools subsequent to the receipt of her "DNH" but has not been accepted for hire.

32. As a result of the Defendant's race based discriminatory conduct, as aforesaid, Starks has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff KENYATTA STARKS prays for judgment against Defendants as follows:

A. For pecuniary damages, including but not limited to back pay;

B. Emotional distress;

C. For removal of all Do Not Hire designations from Plaintiff's record;

D. For attorney's fees and costs of this suit;

E. For such other and further relief as is just and equitable.

### COUNT IV – FREEDOM OF INFORMATION ACT VIOLATION AGAINST PLAINTIFF KENYATTA STARKS BY DEFENDANT CITY OF <u>CHICAGO BOARD OF EDUCATION</u>

1.  Under FOIA, the Illinois General Assembly declared that "all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them."  5 ILCS 140/1.  To deny a FOIA request on the basis of a FOIA exemption, a public body must prove the applicability of the exemption by "clear and convincing evidence."  <u>Id</u>. at 140/11(f).

2.  The following CPS and OIG records are subject to disclosure pursuant to FOIA, are not subject to any FOIA exemptions, are responsive to Plaintiff Starks' FOIA requests and are now sought by Plaintiff Starks in this FOIA enforcement lawsuit:

    a.  All reports issued by the CPS Office of the Inspector General concerning Kenyatta Stansberry-Butler's (a/k/a Kenyatta Starks) alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

    b.  All documentary evidence that the CPS Office of the Inspector General reviewed and utilized in evaluating Kenyatta Stansberry-Butler's (a/k/a Kenyatta Starks) alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

    c.  All statements obtained by the CPS Office of the Inspector General in their review and evaluation of Kenyatta Stansberry-Butler's (a/k/a Kenyatta Starks) alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.
        .

3.  On July 11, 2017, Plaintiff Starks sent a FOIA request to the CPS and OIG requesting certain records concerning Kenyatta Starks and the investigation of claims against her.  See Exhibit I attached hereto.

4.  On July 20, 2017, the CPS and OIG sent Plaintiff Starks its response to this FOIA request withholding the requested information and asserting various FOIA exemptions.  See Exhibit J attached hereto.

5.      The Court has jurisdiction "to enjoin [the OIG and CPS] from withholding public records and to order the production of any public records improperly withheld from the person seeking access." 5 ILCS 140/11(d).

6.      Plaintiff Starks is entitled to recover her reasonable attorney's fees and costs pursuant to 5 ILCS 140/11(i).

WHEREFORE, Plaintiff KENYATTA STARKS prays for judgment against Defendants as follows:

A.      Ordering the CPS and OIG to promptly produce all of the requested records;

B.      Award Plaintiff Starks her attorneys' fees and costs in prosecuting this action; and

C.      Award Plaintiff Starks any other relief that this Honorable Court deems appropriate.

## COUNT V – RACE DISCRIMINATION
## AGAINST PLAINTIFF ANGEL JOHNSON BY DEFENDANT CITY OF CHICAGO BOARD OF EDUCATION

8.      Johnson re-alleges and incorporates as if fully set forth herein paragraphs 1 – 7 of the "Parties" and "Jurisdiction and Venue" sections above.

9.      Johnson has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race (African American) with the IDHR and EEOC, attached as Exhibit K, and fully incorporated herein by reference.

10.      Johnson has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit L.

11.     In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit K and fully incorporated herein by reference.

12.     Johnson is employed as the Assistant Director at Chicago International Charter School Longwood ("CICS-Longwood) which is funded by the City of Chicago Board of Education.

13.     Johnson is jointly employed by the City of Chicago Board of Education and CICS-Longwood.

14.     Johnson was required to follow all policies issued by the City of Chicago Board of Education and rules of the Chicago Public Schools including, but not limited to: all student disciplinary and administrative policies issued.

15.     Johnson is required to follow the directives of the City of Chicago Board of Education and rules of the Chicago Public Schools in performing her duties and could be required to amend her actions based upon the foregoing.

16.     Johnson was previously employed as both a Vice-Principal and a Principal at Marshall High School, a school primarily attended by African American students.

17.     Johnson is African American.

18.     In 2016, Johnson was contacted and asked questions by the CPS Office of the Inspector General ("OIG") regarding the student attendance records that were reported at Marshall High School from 2012-2014.

19.     CICS Longwood was informed of the OIG's investigation of Johnson who, thereafter, made their own investigation into the matter.

20.     On October 6, 2016, the CPS OIG issued a report accusing Johnson of falsifying attendance records at Marshall High School.

21.     Defendant CPS, at the direction of the OIG, placed a Do Not Hire ("DNH") on Johnson's record.

22.     As a result of the placement of the DNH designation on Johnson's record, CPS was refusing to hire Johnson unless Johnson successfully petitioned the DNH Committee to remove the DNH from her file.

23.     Defendant CPS did not similarly target non-African American administrators or primarily non-African American schools in their investigations.

24.     On January 25, 2017, Johnson requested that Defendant CPS review their attendance policies and the implementation of same by Johnson and remove the DNH from her record, but Johnson's request was denied without serious consideration of the facts.

25.     Johnson had previously advised the CPS OIG and Defendant CPS that she followed CPS policies and procedures in carrying out her duties as Vice Principal and Principal at Marshall High School but Defendant CPS ignored the evidence.

26.     Johnson did not falsify attendance records.

27.     Johnson followed the proper procedures at Marshall High School.

28.     Johnson's work was as good, if not better, than non-African American supervisor/administrators working at Defendant CPS.

29.     The principals of Juarez, North Grand and Washington High Schools were previously identified in investigations as having engaged in identical attendance records

practices as Johnson. However, said principals were not African American and no adverse actions were taken against them by Defendants.

30.     Johnson has applied for employment with Chicago Public Schools but has not been accepted for hire.

31.     In or about September 2016, Tammy Jackson, Local School Council (LSC) President for Robert Black Magnet Elementary School, contacted Johnson to request that Johnson apply for the then vacant Principal position at the school. Upon information and belief, approximately two weeks after Johnson submitted her application, Johnson was informed by Jackson that the LSC had been informed by Defendants CPS OIG Nicholas Schuler, OIG investigator Phillip Wagenknecht and/or the Board of Education that something was happening with Johnson and her former school and that the LSC decided not to advance Johnson's resume to the next level. The following month the OIG issued its October 6, 2016 report falsely accusing Johnson of attendance fraud.

32.     It is Plaintiff's understanding that the DNH was placed on her file on or about September 11, 2016 which is the same day that Mary Ernesti, Director of Employee of Engagement at Chicago Public Schools, directed that the DNH be placed on the file of Kenyatta Starks.

33.     The placement of the DNH on her file led to Johnson's loss of the Principal's position with Robert Black Magnet Elementary School days later.

34.     At all times, Plaintiff Johnson met the legitimate expectations of Defendant CPS.

35.     As a result of the Defendant's race based discriminatory conduct, as aforesaid, Johnson has suffered injury to her career, as well as emotional pain, suffering,

inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff ANGEL JOHNSON prays for judgment against Defendants as follows:

    A.      For pecuniary damages, including but not limited to back pay;

    B.      Emotional distress;

    C.      For removal of all Do Not Hire designations from Plaintiff's record;

    D.      For attorney's fees and costs of this suit.

    E.      For such other and further relief as is just and equitable.

## COUNT VI – FREEDOM OF INFORMATION ACT VIOLATION AGAINST PLAINTIFF ANGEL JOHNSON BY DEFENDANT CITY OF CHICAGO BOARD OF EDUCATION

1.      Under FOIA, the Illinois General Assembly declared that "all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them." 5 ILCS 140/1. To deny a FOIA request on the basis of a FOIA exemption, a public body must prove the applicability of the exemption by "clear and convincing evidence." Id. at 140/11(f).

2.      The following OIG and CPS records are subject to disclosure pursuant to FOIA, are not subject to any FOIA exemptions, are responsive to Plaintiff Johnson's FOIA requests and are now sought by Plaintiff Johnson in this FOIA enforcement lawsuit:

    a.    All reports issued by the CPS Office of the Inspector General concerning Angel Johnson's alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

    b.    All documentary evidence that the CPS Office of the Inspector General reviewed and utilized in evaluating Angel Johnson's alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

c. All statements obtained by the CPS Office of the Inspector General in their review and evaluation of Angel Johnson's alleged involvement in the alleged falsification of daily attendance records at Chicago Public Schools.

3.     On July 11, 2017, Plaintiff Johnson sent a FOIA request to the CPS OIG requesting certain records concerning Angel Johnson and the investigation of claims against her.  See Exhibit M attached hereto.

4.     On July 20, 2017, the CPS and OIG sent Plaintiff Johnson its response to this FOIA request withholding the requested information and asserting various FOIA exemptions.  See Exhibit N attached hereto.

5.     The Court has jurisdiction "to enjoin [the OIG and CPS] from withholding public records and to order the production of any public records improperly withheld from the person seeking access."  5 ILCS 140/11(d).

6.     Plaintiff Johnson is entitled to recover her reasonable attorney's fees and costs pursuant to 5 ILCS 140/11(i).

WHEREFORE, Plaintiff ANGEL JOHNSON prays for judgment against Defendants as follows:

A.     Ordering Defendants CPS and OIG to promptly produce all of the requested records;

B.     Award Plaintiff Johnson her attorneys' fees and costs in prosecuting this action; and

C.     Award Plaintiff Johnson any other relief that this Honorable Court deems appropriate.

**COUNT VII – 42 USC §1983 - DUE PROCESS VIOLATION AGAINST PLAINTIFF ANGEL TURNER BY DEFENDANT CITY OF CHICAGO BOARD OF EDUCATION**

31.     Plaintiff Turner restates and realleges paragraphs 1 through 30 of Count I above as though fully set forth herein.

32.     Title 42 U.S.C. § 1983, provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,…

33.     Under the Fourteenth Amendment, state actors cannot deprive any person of life, liberty or property without due process of law.

34.     The Defendant City of Chicago Board of Education engages in a pattern and practice of discriminating against individuals by placing "Do Not Hire" designations on their records without first affording said individuals with an opportunity for a hearing before he or she are deprived of said property interest in employment with Chicago Public Schools.

35.     On or after October 6, 2016, Plaintiff became aware that Defendant was placing a "Do Not Hire" designation on her record when she received a copy of CPS OIG issued a report falsely accusing Plaintiff of being "negligent in her supervision of the administration at [Orr Academy]" and when she thereafter received a copy of a letter from CPS advising her that a "Do Not Hire" designation had been placed on her record.

36.     Through their conduct, the Defendants denied Plaintiff her property rights under the Fourteenth Amendment by denying her procedural due process prior to denying her employment with Chicago Public Schools.

37. As a result of Defendants' actions, Plaintiff has suffered damages and other injuries including the loss of consideration for future employment with the City of Chicago Board of Education.

**WHEREFORE**, Plaintiff, Angel Turner, prays for Judgment against all Defendants, as follows:

A. Removal of all Do Not Hire designations from Plaintiff's records at the City of Chicago;

B. The Plaintiff be awarded damages and costs for this action as a result of the Defendants' violation;

C. The Plaintiff be awarded compensatory and punitive damages, costs and attorney's fees as a result of Defendants' violations of Plaintiff's civil rights; and,

D. For such other relief as is just and equitable.

**COUNT VIII – 42 USC §1983 - DUE PROCESS VIOLATION AGAINST PLAINTIFF KENYATTA STARKS BY DEFENDANT CITY OF CHICAGO BOARD OF EDUCATION**

31. Plaintiff Starks restates and realleges paragraphs 1 through 30 of Count III above as though fully set forth herein.

32. Title 42 U.S.C. § 1983, provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,…

33.     Under the Fourteenth Amendment, state actors cannot deprive any person of life, liberty or property without due process of law.

34.     The Defendant City of Chicago Board of Education engages in a pattern and practice of discriminating against individuals by placing "Do Not Hire" designations on their records without first affording said individuals with an opportunity for a hearing before he or she are deprived of said property interest in employment with Chicago Public Schools.

35.     On or after October 6, 2016, Plaintiff became aware that Defendant was placing a "Do Not Hire" designation on her record when she received a copy of CPS OIG issued a report falsely accusing Plaintiff of being "negligent in her supervision of the administration at [Orr Academy]" and when she thereafter received a copy of a letter from CPS advising her that a "Do Not Hire" designation had been placed on her record.

36.     Through their conduct, the Defendants denied Plaintiff her property rights under the Fourteenth Amendment by denying her procedural due process prior to denying her employment with Chicago Public Schools.

37.     As a result of Defendants' actions, Plaintiff has suffered damages and other injuries including the loss of consideration for future employment with the City of Chicago Board of Education.

**WHEREFORE**, Plaintiff, Kenyatta Starks, prays for Judgment against all Defendants, as follows:

E.     Removal of all Do Not Hire designations from Plaintiff's records at the City of Chicago;

F.     The Plaintiff be awarded damages and costs for this action as a result of the Defendants' violation;

G.     The Plaintiff be awarded compensatory and punitive damages, costs and attorney's fees as a result of Defendants' violations of Plaintiff's civil rights; and,

H.     For such other relief as is just and equitable.

**COUNT IX – 42 USC §1983 - DUE PROCESS VIOLATION AGAINST PLAINTIFF ANGEL JOHNSON BY DEFENDANT CITY OF <u>CHICAGO BOARD OF EDUCATION</u>**

31.     Plaintiff Johnson restates and realleges paragraphs 1 through 30 of Count V above as though fully set forth herein.

32.     Title 42 U.S.C. § 1983, provides in relevant part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,…

33.     Under the Fourteenth Amendment, state actors cannot deprive any person of life, liberty or property without due process of law.

34.     The Defendant City of Chicago Board of Education engages in a pattern and practice of discriminating against individuals by placing "Do Not Hire" designations on their records without first affording said individuals with an opportunity for a hearing before he or she are deprived of said property interest in employment with Chicago Public Schools

35.     Through their conduct, the Defendants denied Plaintiff her property rights under the Fourteenth Amendment by denying her procedural due process prior to denying her employment with Chicago Public Schools.

36.     As a result of Defendants' actions, Plaintiff has suffered damages and other injuries including the loss of consideration for future employment with the City of Chicago Board of Education.

**WHEREFORE**, Plaintiff, Angel Johnson, prays for Judgment against all Defendants, as follows:

I.      Removal of all Do Not Hire designations from Plaintiff's records at the City of Chicago;

J.      The Plaintiff be awarded damages and costs for this action as a result of the Defendants' violation;

K.      The Plaintiff be awarded compensatory and punitive damages, costs and attorney's fees as a result of Defendants' violations of Plaintiff's civil rights; and,

L.      For such other relief as is just and equitable.

Respectfully submitted,

ANGEL TURNER, KENYATTA STARKS,
and ANGEL JOHNSON

By:   _s/ Barry A. Gomberg_____
        Attorney for Plaintiff

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550

**CERTICATE OF SERVICE**

To:     Paul Ciastko                        Hubert O. Thompson
           Christian Jaremus               Brothers & Thompson, P.C.
           Susan J. Best                     155 North Michigan Ave, Suite 200
           Board of Education of the City of     Chicago, Illinois 60601
           Chicago, Law Department
           One N. Dearborn St., Suite 900
           Chicago, Illinois 60602

       The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing Plaintiffs' Third Amended Complaint be served on the attorney of record listed below by filing the foregoing electronically using the CM/ECF filing system on this 5th day of October 2018.

                                                        s/Barry A. Gomberg